* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Griffin with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the named employee and the named employer.
3. The carrier liable on the risk is correctly named above.
4. The employee's average weekly wage is $435.05, as determined from an Industrial Commission Form 22 Wage Chart provided by the defendants.
5. The employee sustained an injury on or about August 14, 2003, with the exact date to be determined by the Industrial Commission.
6. The injury arose out of and in the course of employment and is compensable.
 * * * * * * * * * * * EXHIBITS
The following were marked and received into evidence by the Deputy Commissioner as:
 a. Stipulated Exhibit Number 1, Pre-Trial Agreement;
 b. Stipulated Exhibit Number 2, Stipulation to Average Weekly Wage;
 c. Stipulated Exhibit Number 3, Medical Records; and
 d. Stipulated Exhibit Number 4, Industrial Commission Forms, Responses to Interrogatories.
 * * * * * * * * * * *
The following were received into evidence by the Deputy Commissioner as:
 DEPOSITIONS
 1. Oral deposition of Tara Mills Zimmerman, M.D., taken June 9, 2005;
 2. Oral deposition of Delina H. Nash, M.D., taken on June 28, 2005;
 3. Oral deposition of Kimberly L. Thompson, PA-C, taken on June 28, 2005;
 4. Oral deposition of Linda Vinson, R.N., taken on July 11, 2005; and
 5. Oral deposition of Kurt Voos, M.D., taken on July 13, 2005.
 * * * * * * * * * * * EVIDENTARY RULINGS
The objections raised in the depositions are ruled upon according to the law and are consistent with this Opinion and Award.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT 1. At the time of the hearing before the Deputy Commissioner, the plaintiff was 50 years old with a tenth grade education. Prior to the plaintiff's employment with the defendant-employer, he worked for the City of Greenville as a meter reader.
 2. In April 1994, the plaintiff began working as a truck driver for the defendant-employer, a lumber company. The plaintiff's duties as a truck driver included loading and unloading his trucks with a forklift. The plaintiff normally worked alone from 6:45 a.m. to 6:00 p.m., with his hours varying based on the number of deliveries.
 3. The plaintiff testified that on or about August 17, 2003, he was loading his truck with a forklift, which was parked on a hill. While stepping down from the forklift, the plaintiff misjudged the distance from the forklift to the ground. At this time, the plaintiff alleged he felt a pull in his back. Despite the lower back pain, the plaintiff continued to work his shift. The plaintiff testified that he told his supervisor, Paul Serinsen, that he injured his back at work. Mr. Serinsen did not complete an accident report.
 4. Antonio Leake, the Assistant Manager of the Charlotte Market for the defendant-employer, was responsible for conducting routine safety meetings and advising employees on the proper procedures for reporting workplace injuries. During the week of August 11, 2003, Mr. Leake remembered that the plaintiff was walking with a limp. Mr. Leake asked the plaintiff directly about his limp. The plaintiff informed Mr. Leake that his leg was hurting. Mr. Leake did not inquire further to see if the injury was job-related. Later in the week following their conversation, the plaintiff reported that he needed to see a physician due to his pain.
 5. The plaintiff testified that he initially sought medical treatment with Dr. Stephen Cohen, a chiropractor. However, Dr. Cohen has left the State and the parties were unable to locate Dr. Cohen or obtain copies of his medical records relating to the plaintiff's treatment.
 6. On Sunday August 17, 2003, the plaintiff sought medical treatment with Pitt County Hospital Emergency Department. The plaintiff reported hip pain radiating to his right knee and leg, with a burning sensation in his right foot. The plaintiff also reported right upper quadrant pain for the past three to four months. The plaintiff did not report an incident at work that precipitated his hip and right leg pain. Pain medications were prescribed and the plaintiff was instructed to follow-up with his family physician. The plaintiff did not work for the defendant-employer on Sundays.
 7. On August 24, 2003, Dr. Tara Mills Zimmerman of East Carolina University Family Practice Center examined the plaintiff, who presented with a two-week history of right leg and hip pain. Dr. Zimmerman noted: "He reports that he does not recall a precipitating incident. . . ." The plaintiff did describe his job duties as a truck driver with the defendant-employer and indicated that while performing the required lifting he notices pain in his leg. Dr. Zimmerman diagnosed the plaintiff with a muscle strain and directed him to follow-up with his primary care provider.
 8. On August 27, 2003, Glenn Blackwell, Regional Manager for the defendant-employer, noticed that the plaintiff was limping at work. Mr. Blackwell specifically inquired about the plaintiff's limp, but the plaintiff did not report that he injured himself at work. The plaintiff acknowledged that he did not report hurting his back at work to Mr. Blackwell.
 9. On August 31, 2003, the plaintiff sought further medical treatment with Dr. Robert T. Ziegelmann with ECU Family Practice Center. The plaintiff's chief complaint at this visit was right hip pain with radiation down his leg. The plaintiff reported "no inciting incident, no trauma" to explain his complaints.
 10. On September 8, 2003, Dr. Delina Nash of ECU Family Practice Center examined the plaintiff for complaints of low back pain and right hip pain, which had become progressively worse over the past month. The plaintiff denied an injury or trauma to his back or hip. Dr. Nash ordered an MRI of the plaintiff's entire spine due to the persistent nature of his pain and symptoms.
 11. On September 14, 2003, the plaintiff returned to ECU Family Practice Center and was treated by Dr. Joseph Shiber. At this visit, the plaintiff reported right hip pain radiating down his right leg, which began after he "stepped down too far" when getting off of a forklift. This was the first medical report documenting a forklift incident, which precipitated the plaintiff's hip and right leg pain. The plaintiff was directed to continue with pain medications and attend his scheduled MRI.
 12. On October 6, 2003, the plaintiff underwent an MRI, which revealed a herniated disc at L3-4 with impingement on the right and a large L4-5 herniated disc with impingement on the right. At this point, the plaintiff was referred to a neurosurgeon.
 13. On November 17, 2003, Dr. Kurt Voos, an orthopaedic surgeon at the Center for Scoliosis 
Spinal Surgery evaluated the plaintiff at the referral of Dr. Fourtounis for complaints of low back pain. Prior to his examination, Dr. Voos obtained a history from the plaintiff, who reported the onset of back pain while stepping down from his forklift. Based on his review of the MRI results and his physical examination of the plaintiff, Dr. Voos recommended a discectomy. The plaintiff declined surgical treatment and decided to pursue conservative treatment in the form of a series of injections.
 14. The defendant-carrier denied the plaintiff's claim for benefits. Because the plaintiff's short-term disability application was not completed by his physicians in a timely manner, he was denied short-term disability. Additionally, the defendant-employer terminated the plaintiff for failing to timely return the short-term disability paperwork. The plaintiff did not return to work for the defendant-employer after August 2003.
 15. On January 27, 2004, the plaintiff was involved in an automobile accident. The plaintiff received treatment at Pitt County Memorial Hospital Emergency Department on the date of the accident for complaints of back pain. The plaintiff was released and directed to follow-up with his primary care provider if necessary.
 16. The plaintiff testified that he reported his injury at work to two co-employees. However, their testimony was not presented at hearing or by oral deposition.
 17. The plaintiff alleges that on or about August 17, 2003, he felt pain in his lower back after stepping down from a forklift. The pain was significant enough for the plaintiff to seek medical treatment from the Pitt County Hospital Emergency Department. However, the plaintiff failed to report the forklift incident to the medical staff at the Emergency Department. On August 27 and 31, 2003, as well as September 8, 2003, the plaintiff sought further medical treatment for his continued pain from three different providers. When each provider inquired about an incident or trauma precipitating his right hip and leg pain, the plaintiff failed to report the forklift incident. When questioned directly about his limp by the Regional Manager, Mr. Blackwell, on August 27, 2005, the plaintiff did not inform his supervisor of the forklift incident.
 18. After careful consideration of the testimony of all witnesses and a review of the medical records and deposition transcripts, the Full Commission finds from the greater weight of the competent, credible evidence, that the plaintiff has failed to prove that he was injured by an accident or a specific traumatic incident arising out of or in the course of his employment on or about August 17, 2003, as alleged, or at any other time.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The plaintiff has failed to prove by the greater weight of the competent, credible evidence that he sustained an injury by accident or a specific traumatic incident arising out of and in the course of the work assigned on or about August 17, 2003, or at any other time. N.C. Gen. Stat. § 97-2(6).
2. The plaintiff is not entitled to benefits under North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2 (et.seq.).
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. The plaintiff's claim for benefits under the Act is hereby DENIED.
2. Each side shall bear its own costs.
This 3rd day of August 2006.
 S/_________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________________ PAMELA T. YOUNG COMMISSIONER